

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Diallo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Diallo" (2009). *2009 Decisions.* Paper 1266.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1266

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1299
_____

UNITED STATES OF AMERICA

v.

BOUBACAR DIALLO,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00236)
District Judge:  The Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2009

BEFORE: FUENTES, JORDAN, and NYGAARD, Circuit Judges.


(Filed: June 1, 2009)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and

because the parties and the District Court are familiar with its operative facts, we offer

only an abbreviated recitation to explain why we will affirm the order of the District Court.

Diallo appeals the District Court's order of judgment and sentence. He pleaded guilty to one count of Trafficking in Counterfeit Labels Affixed to Copies of Motion Pictures and Audiovisual Works. 18 U.S.C. §2318. He was sentenced at the low end of the advisory range: eighteen months' incarceration; three years' supervised release; and, restitution of $120,000.

During the investigation Diallo agreed to speak with the Federal Bureau of Investigation, where he admitted knowledge of the illegality of his actions. He changed his initial not-guilty plea to guilty after making a plea agreement with the government. The District Court, which properly had jurisdiction, conducted the standard plea colloquy prior to filing the order. There is clear evidence that Diallo knowingly and voluntarily entered the plea.

Diallo's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are not any issues of arguable merit. After our independent investigation of the record, we conclude that counsel has conducted a reasonable review, and we agree that there are not any issues of arguable merit.

Accordingly, we will affirm the order of the District Court, and we will grant counsel's motion to withdraw.